UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CHRISTINA L. LUTZ,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-210

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 7), the Commissioner's memorandum in opposition (doc. 8), Plaintiff's reply memorandum (doc. 9), the administrative record (doc. 5),[3] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Decision and Entry to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

I.

A.   **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of March 2, 2009.  PageID 281-88.  Plaintiff claims disability as a result of a number of impairments including, *inter alia*, a seizure disorder, chronic joint pain, obesity, a respiratory disorder, and an affective disorder.  PageID 173.

After initial denial of her applications, Plaintiff received a hearing before ALJ Christopher L. Dillon on May 29, 2014.  PageID 59-78.  The ALJ issued a written decision on November 10, 2014 finding Plaintiff not disabled.  PageID 171-84.  Specifically, the ALJ found at Step 5 that, based upon Plaintiff's residual functional capacity ("RFC"), "there are jobs in that exist in significant numbers in the national economy that [Plaintiff] can perform[.]"  PageID 183.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner.  PageID 46-48.  *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).  Plaintiff then filed this timely appeal.  *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

B.   **Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 174-82), Plaintiff's Statement of Errors (doc. 7), the Commissioner's memorandum in opposition (doc. 8), and Plaintiff's reply (doc. 9).  The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

II.

A.   **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria.  42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-

46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?

    3.      Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

    4.      Considering the claimant's RFC, can he or she perform his or her past relevant work?

    5.      Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred by improperly weighing the opinion of her treating family physician Julio Soto, M.D. Doc. 7 at PageID 1183-89. Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377,

384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[4]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

There is no dispute that Dr. Soto is Plaintiff's treating family physician, who began treating Plaintiff in mid-2013 for her physical and mental impairments. *See* PageID 986. On

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

5

March 30, 2014, Dr. Soto opined that Plaintiff had marked restrictions[5] in activities of daily living, as well as marked deficiencies of concentration, persistence and pace. PageID 1057. As a result of her impairments, Dr. Soto opined that Plaintiff would miss more than three days of work per month -- an opinion that, if accepted, would result in a finding that Plaintiff is disabled. PageID 77, 1055. The ALJ gave Dr. Soto's opinion "little weight" because of "the lack of support" provided by Dr. Soto in his report, as well as the fact that "Dr. Soto is not a mental health expert." PageID 182.

The undersigned finds error in the ALJ's assessment of Dr. Soto's opinion. Initially, the Court notes that the ALJ failed to mention the concept of "controlling weight" when analyzing Dr. Soto's opinion, and further failed to specifically decline to give it controlling weight. PageID 182; *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013) (finding error where the ALJ's "analysis does not explain to which aspect of the controlling-weight test [a] critique is relevant"); *see also Martin v. Colvin*, 207 F. Supp. 3d 782, 789 (S.D. Ohio 2016). In addition, the ALJ also provides no analysis of the controlling weight factors -- *i.e.*, whether the opinion was "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence[.]" 20 C.F.R. § 404.1527(c)(2).

Instead, the ALJ first critiques Dr. Soto's opinion because of "the lack of support" he cites for the limitations assessed. PageID 182. Such reason is relevant to the "supportability" inquiry under 20 C.F.R. § 404.1527(c)(3) (stating that, "[t]he more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion"). This factor, however, is one

---

[5] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), "marked" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

6

applied *after* the ALJ decides to "not give the treating source's medical opinion controlling weight." 20 C.F.R. § 404.1527(c)(2) (stating that the supportability factor in paragraph (c)(3) is applied when the ALJ does "not give the treating source's medical opinion controlling weight"); *see also Gayheart*, 710 F.3d at 376 (noting that certain factors are "properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight").

The only other critique of Dr. Soto's opinion offered by the ALJ is that Dr. Soto is not a "mental health expert." PageID 182. While Dr. Soto, a family physician, may not be a mental health specialist, he is certainly an expert authorized to opine regarding Plaintiff's mental status. *Wert v. Comm'r of Soc. Sec.*, 166 F. Supp. 3d 935, 946 (S.D. Ohio 2016); *Byrd v. Comm'r of Soc. Sec.*, No. 3:14-CV-242, 2015 WL 4540575, at *5 (S.D. Ohio May 29, 2015); *King v. Comm'r of Soc. Sec.*, No. 3:14-CV-351, 2016 WL 1729550, at *6 (S.D. Ohio Mar. 28, 2016). In fact, "it is well established that primary care physicians (those in family or general practice) 'identify and treat the majority of Americans' psychiatric disorders.'" *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). Even assuming the ALJ meant to critique Dr. Soto's lack of specialization rather than his qualifications to offer an opinion, again, such a critique is not relevant at the controlling weight stage of the treating physician analysis and, instead, is a factor "properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight." *See Gayheart*, 710 F.3d at 376; 20 C.F.R. §§ 404.1527(c)(2) and (5).

As a result of the foregoing, the Court cannot determine whether the ALJ undertook the required "two-step inquiry" when analyzing Dr. Soto opinion. *See Gayheart*, 710 F.3d at 376-78. Accordingly, the undersigned finds that the ALJ erred by failing to conduct a controlling analysis with regard to Dr. Soto's opinion. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (stating that, "[a]lthough substantial evidence otherwise supports [a] decision of the Commissioner[,]" reversal may, nevertheless, be warranted if an ALJ fails "to follow its own procedural regulation, and the regulation was intended to protect applicants"). Such failure

amounts to reversible error.  *See Aytch v. Comm'r of Soc. Sec.*, No. 3:13-cv-135, 2014 WL 4080075, at *5 (S.D. Ohio Aug. 19, 2014) (citation omitted).

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits.  The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991).  Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."  *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).  The undersigned finds that evidence of disability is not overwhelming in this instance.  Remand for further proceedings is thus proper.

## V.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date:   July 25, 2017                               s/ Michael J. Newman
                                                    Michael J. Newman
                                                    United States Magistrate Judge

8

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).